# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BRANDON SCOTT LAMBERT,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00369 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WALTER L. THOMAS, ETC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Brandon Scott Lambert, Pro Se Plaintiff.*

The plaintiff, Brandon Scott Lambert, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant, a jail official at the Middle River Regional Jail, used excessive force against him, in violation of his constitutional rights. After Lambert had consented to payment of the filing fee through installments withheld from his inmate trust account, the court conditionally filed Lambert's complaint, advising him that it failed to state sufficient facts. The Order stated, "Lambert's complaint does not provide a chronological account of the events on which he bases his claims, including the particular actions that the defendant took. Such factual allegations must be included *in the complaint itself*, rather than merely in attached copies of grievances or other documents." Order 1, ECF No. 5. The court further advised that "[a]n amended complaint should make a clear and sufficiently detailed statement of what

happened (with dates where possible), including, but not limited to, when and where events occurred, what the plaintiff was doing, what the defendant did, and what harm the plaintiff suffered as a result [of] the defendant's actions." *Id.* at 2. The Order also notified Lambert, "FAILURE TO SUBMIT AN AMENDED COMPLAINT MAY RESULT IN DISMISSAL OF THE ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM." *Id.*

The time permitted for Lambert to submit an amended complaint has elapsed, and he has had no further communication with the court and has not submitted an amended complaint. Lambert has not complied with the court's order. Accordingly, I will summarily dismiss his case. Because it is possible for Lambert to cure the pleading's deficiencies and go forward with his claims in a future, separate action, the dismissal will be without prejudice. *See, e.g., Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993).

A separate final order will be entered herewith.

DATED: July 2, 2019

/s/ James P. Jones
United States District Judge